IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FELIX LEROY ROMO,**

          Plaintiff,

vs.                                          Civ. No.   12-459 JCH/ACT

**UNITED STATES OF AMERICA,**

          Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on *Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Pursuant to Rule 12(b)(1) and 12(b)(6) . . .* [Doc. 19]. In its motion, the Government argues that this Court lacks jurisdiction over Plaintiff Felix Leroy Romo's claims because he failed to comply with Colorado state law requiring a plaintiff asserting a claim of professional negligence to support his claim with a certificate of review from a licensed professional in the relevant area stating that the plaintiff's claim does not lack substantial justification. In the alternative, the Government argues that Romo has failed to exhaust his administrative remedies as required by the Federal Tort Claims Act ("FTCA"). After reviewing the motion, response, reply, and applicable legal authorities, the Court concludes that the motion should be granted and Romo's medical negligence claim should be dismissed.

**BACKGROUND**

In his *Complaint Under the Federal Tort Claims Act for Medical Negligence* [Doc. 1], Romo alleges that in 2009 he was an inmate that the Federal Correctional Institution at

Englewood, Colorado (hereafter, "FCIE"), a facility run by the United States Bureau of Prisons. Romo alleges that in May of 2009, he went to the medical clinic at FCIE to request treatment for a boil or cyst on his left forearm near his elbow. He contends that while two doctors in the employment of the prison were "cutting on his arm" suddenly he felt severe pain. He further claims that as a result of the negligently performed procedure he now suffers anesthesia/paresthesia in his left arm and is substantially disabled. Romo alleges that all of the foregoing injuries are the result of medical negligence of Bureau of Prisons personnel.

## DISCUSSION

Section 1346(b) of the FTCA grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and "render[ed]" itself liable. *Richards v. United States*, 369 U.S. 1, 6 (1962). This category includes claims that are: "[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)).

The Court begins with the Government's argument that Romo failed to comply with Colorado law by properly supporting his negligence claim with a certification by an expert in the medical field stating that his claim does not lack substantial justification. Colorado state law provides that:

> In every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional named as a party, as specified in subsection (3) of this section, within sixty days after the service of the

complaint, counterclaim, or cross claim against such person unless the court determines that a longer period is necessary for good cause shown.

Colo. Rev. Stat. Ann. § 13-20-602(1)(a).

The FTCA limits lawsuits against the United States to "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). *See also FDIC v. Meyer*, 510 U.S. 471, 478 (1994). "The FTCA provides that the United States shall be liable under state tort law only 'in the same manner and to the same extent as a private individual under like circumstances.' " *Nationwide Mut. Ins. Co. v. United States*, 3 F.3d 1392, 1396 (10th Cir. 1993) (quoting 28 U.S.C. § 2674). The Tenth Circuit has made clear that the Colorado statute discussed above applies to claims of medical negligence brought against the United States for acts that occurred in Colorado. In *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111 (10th Cir. 2004), the Tenth Circuit applied the Colorado certificate of review requirement to professional negligence claims brought against the United States under the FTCA. In that case, the plaintiff had been incarcerated in the United States Penitentiary, Administrative Maximum at Florence, Colorado ("ADX") when he was prescribed Paxil for his mental health conditions. *Id*. at 1113. Hill alleged that the medication had caused him physical injuries, and he sued the United States and its individual employees under the FTCA for medical malpractice, among other things. *Id*. at 1114. The Tenth Circuit held that the dismissal of Hill's claims against the United States based upon his failure to file the certificate of review required by Colo. Rev. Stat. § 13-20-602(1)(a) was proper. The Court stated:

> In a federal action predicated upon diversity jurisdiction, we have determined that Colorado's certificate of review requirement is a substantive rule of law. Consequently, we conclude that the Colorado review statute is applicable to professional negligence claims brought against the United States under the FTCA.

*Id*. at 1117 (internal citation omitted). The Court reasoned that to hold otherwise would effectively place the United States in a differently situated position than a private party defending against a claim of medical negligence under Colorado law, "thereby undermining the conditions precedent to the United States' waiver of sovereign immunity in the FTCA." *Id*. at 1118.

In this case, it is undisputed that the alleged negligence occurred in Colorado, where Romo was a federal prisoner and where the allegedly negligent medical procedure was performed. Romo does not dispute that Colorado law requires this certification, nor that he has not filed such a certification in this case.[1] Instead, he merely asserts that "[n]o such certificate is required in FTCA medical malpractice suits in New Mexico, and Plaintiff's counsel was not aware of the unique procedure for such suits under Colorado law." Doc. 23 at 2. However, counsel's unfamiliarity with the law governing his client's claim does not relieve Romo of his obligation to conform to state law as set forth in *Hill*. Under these circumstances, this Court is forced to conclude that it lacks jurisdiction pursuant to the FTCA, and that Romo's negligence claim must be dismissed with prejudice. In light of this conclusion, the Court need not address the other arguments for dismissal raised by the Government.

---

[1] The docket does not reveal the date on which the Government was served with Romo's complaint. However, the Court can safely assume that service occurred no later than July 9, 2012, the date upon which counsel for the Government entered her appearance and filed the Government's Answer to the Complaint. Accordingly, the 60-day period prescribed by the Colorado statute expired no later than September 7, 2012, more than six months prior to the filing of the motion to dismiss currently before this Court. Romo had made no attempt to show good cause for an extension of time to file the required certification.

**IT IS THEREFORE ORDERED** that *Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Pursuant to Rule 12(b)(1) and 12(b)(6) . . .* [Doc. 19] is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

_____
**UNITED STATES DISTRICT JUDGE**